In the Matter of the Application to STRIKE FROM THE REGISTRY OF ELECTORS for the Second Election District of the Town of Nassau, Rensselaer County, the Names of Certain Registrants Therein, and to Restrain the BOARD OF ELECTIONS OF RENSSELAER COUNTY from Delivering Absentee Ballots to Such Registrants. DEAN P. TAYLOR, Petitioner, Appellant; BOARD OF ELECTIONS OF RENSSELAER COUNTY and Others, Respondents.

Third Department, November 1, 1939.

*John J. Kelly* [*Borden H. Mills* of counsel], for the appellant.

*T. Stewart Hubbard,* for the respondent Board of Elections.

*Ely S. Koplovitz* and *David Rosenfeld,* for the respondents, individual registrants.

PER CURIAM. The petitioner seeks an order under article 78 of the Civil Practice Act (§ 1296, ¶ 2), which provides that the Supreme Court may restrain a body or officer exercising judicial or quasi-judicial functions if proceeding or if about to proceed

" without or in excess of jurisdiction." Some thirty qualified electors of the second election district of the town of Nassau, Rensselaer county, applied for ballots as absentee voters. The reasons assigned in a majority of the applications are " business " or " business reasons." Section 117 of the Election Law provides that the affidavit and application shall give " a brief description of the duties, occupation or business which requires such absence; also, in the case of absence on account of duties, occupation or business, the special circumstances by which such absence is required  *  *  *." Subdivision 2 of section 118 of the Election Law provides: " the board [board of elections] shall determine whether the duties, occupation or business of the applicant, as set forth in his affidavit, are of a nature ordinarily to require absence from the State or county or ordinarily to require traveling beyond the boundaries of the State or county, and shall determine, if they are found not to be of such a nature, whether the special circumstances, as set forth in the affidavit, are sufficient." It appears that the board of elections has not made a determination under the last quoted provision of the Election Law. There is no violation of paragraph 2 of section 1296 of the Civil Practice Act and the petitioner is not entitled to an order restraining the board of elections from acting.

While it appears that these affidavits and applications are insufficient we deem that question not now before us.

The order of the Special Term denying the application of the petitioner should be affirmed, without costs, upon the ground that the board of elections has not exceeded its powers as a judicial or quasi-judicial body.

HILL, P. J., CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Order of the Special Term denying the application of the petitioner affirmed, without costs, upon the ground that the board of elections has not exceeded its powers as a judicial or quasi-judicial body.